IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TROY STOIK,

                        Plaintiff,                                  ORDER

    v.

                                                          18-cv-699-wmc

CANDACE WHITMAN and DR. LARSEN,

                        Defendants.

---

Before the court is defendants Candace Whitman and Dr. Larsen's motion for change of venue to the Eastern District of Wisconsin. (Dkt. #18.) In their motion, defendants seek transfer to the Eastern District under 28 U.S.C. § 1404, on the basis that the Eastern District of Wisconsin is more convenient for the parties and the interest of justice would not be hindered by transfer. As plaintiff points out in his opposition motion, the Western District of Wisconsin's federal courthouse in Madison, Wisconsin, is actually closer to Fox Lake Correctional Institution, where plaintiff is incarcerated and defendants are employed, than the Eastern District's courthouse in Milwaukee. *Compare* Driving Directions from FLCI to U.S. Federal Court in Madison, Wisconsin, Google Maps, http://maps.google.com (53 miles, estimated driving time of 1 hr. 10 min.) *with* Driving Directions from FLCI to Milwaukee Federal Building and U.S. Courthouse, Google Maps, http://maps.google.com (80 miles, estimated driving time of 1 hr. 30 min.).[1]

Perhaps recognizing the flaw in this argument, in their *reply* brief, defendants switch tunes, but without expressly acknowledging this change. Now, defendants attempt to

---

[1] Moreover, as defendants point out, any difference in the speed of docket it either immaterial or actually weighs in favor of keeping the case in this case. Regardless, the difference is not enough to outweigh plaintiff's choice of venue.

argue that the court should transfer venue under 28 U.S.C. § 1406(a), which allows for a transfer if the venue is improper.  Curiously, however, defendants still maintain in their reply that "venue is proper in the Western District." (Defs.' Reply (dkt. #21) 1.)  Perhaps this is a typographical error and defendants intended to state that venue is *im*proper in this district, but if that is their position -- and it appears that it may be in light of their answer -- then they needed to seek a transfer under § 1406(a) in their original motion, which they did not do.  *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are deemed waived.").  Moreover, given the relative distance of the courthouses and the speed of this court to trial, the court finds that defendants have failed to demonstrate that transfer is warranted under § 1404.  *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (holding that it is defendant's burden to demonstrate that transfer is "clearly more convenient").  Accordingly,

IT IS ORDERED that defendants Candace Whitman and Dr. Larsen's motion for change of venue (dkt. #18) is DENIED.

Entered this 27th day of June, 2019.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge
