IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TROY STOIK,

                Plaintiff,                OPINION AND ORDER

v.

                                                         18-cv-699-wmc

CANDACE WHITMAN and DR. CHARLES
LARSON,

                Defendants.

In a prior opinion and order, the court denied defendants Candace Whitman and Dr. Charles Larson's motion for summary judgment, finding plaintiff Troy Stoik had raised genuine issues of material fact warranting jury consideration of his Eighth Amendment deliberate indifference claims against defendants, while denying plaintiff's motion for assistance in recruiting counsel given the legal and factual difficulty of the case did not exceed Stoik's abilities. (10/9/20 Op. & Order (dkt. #48).) Both sides responded to the court's opinion and order by filing motions for reconsideration; defendants seek reconsideration of the court's denial of defendants' motion as to plaintiff's claims against Dr. Larson (dkt. #52); while plaintiff, through with the assistance of a jailhouse attorney, seeks reconsideration of the court's order denying him assistance in recruiting counsel (dkt. #50).[1] The court has set a video hearing on plaintiff's motion for this Wednesday, December 2, 2020. In the meantime, for the reasons that follow, the court will deny defendants' motion for reconsideration.

---

[1] Plaintiff also seeks assistance in obtaining his medical file or, at minimum, an extension of the discovery deadline. (Dkt. #53.) The court will take up this motion during the December hearing as well.

OPINION

Defendants contend that the court "erred when it shifted Plaintiff's burden on summary judgment by requiring Defendant to disprove Plaintiff's claim." (Defs.' Mot. (dkt. #42) 2.) Specifically, defendants contend that the court denied summary judgment on the grounds that "the record here does not demonstrate that the plaintiff was *not* seen by Dr. Larson on June 23, 2017." (*Id.* at 3-4 (quoting 10/9/20 Op. & Order (dkt. #48) 5.) Defendants quote this language out of context. As the court explained, Stoik disputed defendants' sole basis for seeking summary judgment on his claim against Dr. Larson -- namely, that Dr. Larson did not see Stoik until February 2019. Stoik disputed this, averring instead that: he first saw Dr. Larson on or about June 23, 2017; and during that appointment, Dr. Larson did not prescribe Stoik any medications and told him that he would refer him to a specialist, which he then failed to do. Thus, Stoik's *affirmative* averments raised a genuine issues of material fact, warranting denial of summary judgment for Dr. Larson absent defendants offering contrary evidence from which a reasonable jury would *have* to reject those averments, and the statement quoted by defendants in their brief was made in response to defendants' argument that the court should *disregard* Stoik's statement that he saw Dr. Larson in June 2017.

In particular, the court distinguished the facts at issue in this case from the allegations in *Davis v. Gee*, No. 14-CV-617-WMC, 2017 WL 2880869, at *5 (W.D. Wis. July 6, 2017), which rejected a bald assertion that there was a conspiracy within the prison to falsify medical records as a basis to raise a genuine issue of material fact regarding the plaintiff's medical treatment. In *Davis*, the court found plaintiff's allegations were "based

2

on little more than speculation, which is insufficient to manufacture a genuine issue of fact at summary judgment." *Id.* (citing *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008)). In contrast, the court explained here that the record "does not demonstrate that plaintiff was *not* seen by Dr. Larson on June 23, 2017." (10/9/20 Op. & Order (dkt. #48) 5.)

Accordingly, the court did not impermissibly shift the burden to Dr. Larson; rather, the court denied defendants' motion on the basis of Stoik's specific, factual averments *from his personal knowledge* that he saw Dr. Larson on or about June 23, 2017, and defendant's failure to demonstrate that this statement was the type of pure speculation that the court could disregard in consideration a motion for summary judgment. Regardless, defendants have certainly failed to identify a manifest error of law. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (explaining that under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures).

In their motion, defendants also assert that the medical record demonstrates plaintiff Stoik saw non-defendant Dr. Stelgia on August 2, 2017, but even if true, this does not directly contradict (much less, definitively disprove) Stoik's representation that he saw Dr. Larson in June 2017. Moreover, this argument was *not* made in their motion for summary judgment. *See Moro*, 91 F.3d at 876 (Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented

to the district court prior to the judgment."). Of course, defendants are free to pursue this line of evidence and argument at trial, but the court will not reopen summary judgment to allow defendants to pursue a *new* basis for judgment in defendants' favor.

## ORDER

IT IS ORDERED that defendant Dr. Charles Larson and Candace Whitman's motion for reconsideration (dkt. #52) is DENIED.

Entered this 30th day of November, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge