IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY STOIK,

                Plaintiff,                ORDER

v.

                                            18-cv-699-wmc

CANDACE WHITMAN and DR. CHARLES
LARSON,

                Defendants.

---

The court held a hearing via Zoom today, at which plaintiff appeared personally and defendants appeared by counsel, on plaintiff's (1) motion for reconsideration of the court's denial of his request for appointment of counsel (dkt. #50) and (2) motion concerning production of his complete medical record (dkt. #53).

As for the first motion, the court found in its prior opinion and order that Stoik had not shown his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. (10/9/20 Op. & Order (dkt. #48) 22 (discussing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).) However, in doing so, the court relied in large part on plaintiff's ability to "marshal[] his evidence, review[] defendants' evidence with a critical eye, and form[] logical and well-reasoned arguments in response to defendants' motion for summary judgment." *Id*.

In his motion for reconsideration, ostensibly drafted by another inmate but signed by Stoik, he explained that the summary judgment materials were prepared by yet another inmate, whose own health is deteriorating, is no longer able to assist Stoik, and regardless, would not be able to assist him at trial. (Dkt. #50.) Plaintiff's motion raises a concern

that the court erroneously relied on Stoik's written submissions in determining whether he was capable of representing himself at trial.  Having now had the benefit of evaluating Stoik's ability during the Zoom hearing, the court determines that he may not be able to represent himself at trial and will recruit pro bono counsel to represent him.  As he was advised during the hearing, Stoik should be aware that it may take several months before the court is able to secure pro bono representation, at which time the court will hold a status conference to reset pre-trial deadlines and the trial date.

As for the second motion, it appears that defendants have now produced what defendants' counsel believes to be DOC's complete medical record for Stoik from October 2012 through September 2019.  However, plaintiff continues to dispute that the produced record is complete, contending that documents in his possession or previously filed with the court as exhibits were not included in this record.  As set forth on the record during the Zoom hearing, the court directs (1) plaintiff to gather and make his entire medical-related documents available for inspection and copying by defendants' counsel as soon as possible, and (2) defendants promptly file plaintiff's documents and compare those documents with the file now produced by defendants.  Finally, within 30 days of plaintiff's production, defense counsel is directed to account for any discrepancies between plaintiff's documents and defendants' produced medical record, and advise what steps have been taken to insure any other documents in DOC's possession (whether electronically or in hard copies retained at the institution or by individual medical providers) have been retrieved and produced to plaintiff.

ORDER

IT IS ORDERED that:

1) Plaintiff Troy Stoik's motion for reconsideration (dkt. #50) is GRANTED. The court will endeavor to recruit pro bono counsel.

2) Plaintiff's motion concerning discovery (dkt. #53) is GRANTED IN PART AND DENIED IN PART as set forth above.

3) Following successful recruitment of pro bono counsel, a status conference will be held to reset all pretrial deadlines and a new trial date.

Entered this 2nd day of December, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge